WAJCZELIUNAS v. ST. PETER'S LITHUANIAN SOCIETY.

(Supreme Court, Appellate Division, Second Department. December 30, 1910.)

1. INSURANCE (§ 817*)—MUTUAL BENEFIT INSURANCE—ACTION FOR BENEFIT—BURDEN OF PROOF—MATTER OF AVOIDANCE.

The by-laws of a benevolent society provided that if a member failed to pay his dues for six months, and, after receiving word from the secretary, fails to pay at the next monthly meeting—i. e., the seventh month—he should be crossed off the list of members. *Held,* that the burden was on the society to establish that notice was given to and received by a member, since deceased, after he was in default for six months' dues, and that he failed to pay at the meeting held in the month following the receipt of such notice.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 2001; Dec. Dig. § 817.*]

2. INSURANCE (§ 756*)—MUTUAL BENEFIT INSURANCE—DUES AND ASSESSMENTS—NOTICE OF TIME FOR PAYMENT.

Under a by-law of a benevolent society, which terminates membership where a member fails to pay his dues for six months, and, after receiving word from the secretary, fails to pay at the next monthly meeting, where the deceased was not in arrears until November, a letter from the society in the preceding July, requesting the payment of quarterly dues, is not the notice required by the by-law, and furnishes no legal foundation for the termination of his membership, since the notice cannot be given until the member is in arrears.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1917, 1918; Dec. Dig. § 756.*]

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Petrone Wajczeliunas against St. Peter's Lithuanian Society. From a judgment of the Municipal Court, dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and CARR, JJ.

Charles L. Fasullo, for appellant.
Elias Rosenthal, for respondent.

RICH, J. This action is to recover a death benefit from a benevolent society, and the question presented is whether the deceased was a member in good standing at the time of his death. The defendant's by-laws, which formed part of the contract between it and its members, provides, among other things, that if a member fails to pay his dues for six months "and, after receiving word from the finance secretary in a registered letter, fails to pay at the next monthly meeting, i. e., the seventh month, will be crossed off the list of members. Only then, should an indebted member give some good reason why he could not pay his dues at the specified time, a prolongation

of payment may be granted." It is upon this by-law that defendant relies to defeat plaintiff's recovery.

The defendant, having based its defense upon the termination of membership of the deceased prior to his death, was bound to establish that the notice was given and received by the deceased after he was in default for six months' dues, and that he failed to pay at the meeting held in the month following the receipt of such notice. There is no such evidence before us. The deceased became a member on April 3, 1909, at which time he paid his dues for that month. He was not in arrears six months until November 1st following, and it was not until that time that the notice could be given. There is no evidence that he ever received a notice of any kind, and the only proof upon that subject is the testimony of defendant's financial secretary that in the month of July he sent a letter to the deceased to pay his July quarterly dues. At that time the deceased had been a member three months, and the letter, even if received by the deceased, was not the notice required by the by-law, and furnished no legal foundation for the termination of his membership.

Without considering the other questions presented by the learned counsel for the appellant, it follows that the judgment must be reversed, and a new trial ordered; costs to abide the event. All concur.