WAJCZELIUNAS v. ST. PETER'S LITHUANIAN SOCIETY.

(Supreme Court, Appellate Division, Second Department. October 6, 1911.)

INSURANCE (§ 798*)—CONSTITUTION—DEATH BENEFIT—RIGHT OF MEMBER.

The constitution of defendant benefit society provided, on a member's death, after having been a member for six months, the society would pay $200, provided that, if in the society's treasury there was found not more than $500, then the departed member's or member's wife's nearest relative should receive no mortuary benefit, but would not be left without assistance; every member of the society being required to pay $1 in case of the death of a member, and 50 cents in case of a member's wife, the sum collected to be paid to whom it belongs. *Held*, that, where the only proof of the condition of defendant's treasury at the time of the death of complainant's husband was that there was $500 in the treasury, of which $200 was put up by the treasurer in lieu of a bond required by the constitution of the order, the proof was insufficient to show that complainant was entitled to recover $200 from the society.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 798.*]

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Petrone Wajczeliunas against the St. Peter's Lithuanian Society. From a Municipal Court judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before JENKS, P. J., and THOMAS, CARR, WOOD-WARD, and RICH, JJ.

Elias Rosenthal, for appellant.

Charles L. Fasullo, for respondent.

RICH, J. The defendant appeals from a judgment in favor of the plaintiff in an action to recover a death benefit. The sole question presented on the former appeal (141 App. Div. 852, 126 N. Y. Supp. 884), was whether deceased was a member in good standing at the time of his death. The same question is presented on this appeal, but the contention is without merit. Article 5, § 1, of defendant's constitution, provides that, in case of a member's death after having been such member for six months, the Society will pay $200. Section 3 provides, among other things:

"If in the society's treasury there is found not more than $500.00 (five hundred dollars), then the departed member's or member's wife's nearest relatives will receive no mortuary benefit, but will not be left without assistance. Every member of the society will be obliged to pay $1.00 in case of death of a member and 50 cents in case of death of a member's wife. The sum collected will be paid to whom it belongs."

The constitution is a part of the contract between a member and the Society, and this section makes the payment of a mortuary benefit conditional and not absolute, and it was incumbent upon the plaintiff before she was entitled to a judgment to establish that at the time of her husband's death, or at least when the mortuary benefit became payable, that there was in defendant's treasury more than $500.

The only evidence upon this vital question is the admission that "at the time of the death of Jonas Wajczeliunas the beneficiary's husband, there was $500 in the defendant society's treasury, out of which $200 were put up in lieu of a bond, by the treasurer, Peter Brezitis." This admission must be taken as a whole, and does not establish the condition precedent, for two reasons: First, it admits only $500; and, second, states that $200 of this amount is money of its treasurer, deposited by him in lieu of the bond required by section 3 of article 12 of the constitution. The plain intention and meaning of section 3 of article 5 is that more than $500 of the defendant's money, applicable to the payment of its liabilities, shall be in its treasury at the time of the decease of a member (or when the benefit is payable), to give his beneficiary the right to a death benefit of $200, and it must receive that construction.

The judgment of the Municipal Court must be reversed, and a new trial ordered; costs to abide the event. All concur.