PLACA v. POLIZZI GENEROSA SOCIETY OF NEW YORK.

(Supreme Court, Appellate Term, Second Department. December 27, 1912.).

1. INSURANCE (§ 750*) — MUTUAL BENEFIT — FORFEITURE — NONPAYMENT OF DUES.

The last regular meeting of a beneficial association having been on November 5, 1911, and no dues having been paid thereafter, it cannot be said a member had on January 7, 1912, failed to pay dues for two consecutive months, and so, under a by-law, was in arrears and had forfeited all rights to benefits; a by-law providing that monthly dues are regular, if made on the day fixed for regular meetings, and the financial month shall be computed from regular meeting to regular meeting, and another providing that the regular meeting shall be held on "a Sunday" of the month.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1895, 1896, 1903; Dec. Dig. § 750.*]

2. INSURANCE (§ 805*)—CLAIMS AGAINST SOCIETY—BY-LAWS.

The provision of a by-law of a beneficial association that all cases must first be passed on by the board does not apply to claims against the society, as that would make it a judge of its own case.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1987, 1988; Dec. Dig. § 805.*]

3. INSURANCE (§ 798*)—RIGHT TO BENEFITS—CONDITIONS.

The provision of a by-law of a beneficial association that money for payment of a benefit "will be drawn from the mortuary assessment fund" does not make the presence of a sufficient amount in such fund at the time the right to the benefit accrues a condition of liability.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1981, 1985; Dec. Dig. § 798.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by Giuseppe Placa against the Polizzi Generosa Society of New York. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued December term, 1912, before MADDOX, BLACKMAR, and PUTNAM, JJ.

Achille J. Oishei, of New York City, for appellant.

Charles L. Fasullo, of Brooklyn, for respondent.

PER CURIAM. This is an appeal from a judgment for defendant, rendered on the dismissal of the complaint at the end of defendant's case.

[1] The action was for benefits on death of plaintiff's wife, based on article 33 of the by-laws of the society, which reads:

"On the death of the wife of a regular member of the society, the family will receive 50 cents for every member who is found in good standing, which sum will be drawn from the mortuary assessment fund and at the next meeting contributed by the members."

The defendant claimed that plaintiff had forfeited his rights under the by-laws for failure to pay dues as provided in article 39:

"All members who fail to pay for two consecutive months are [declared] in arrears and forfeit all the rights accorded to them by the by-laws."

This by-law is not unreasonable, and if the facts exist, justifying its application to the plaintiff, the judgment should be sustained. Article 37 is as follows:

"The monthly dues are regular, if made on the day fixed for the regular meetings, and the financial month shall be computed from regular meeting to regular meeting."

Article 90 provides that the regular meeting shall be on a Sunday of the month, but there is nothing more definite than this. It is fairly to be inferred from the evidence that the last regular meeting was held on November 5, 1911. No subsequent meeting was held, and no dues thereafter paid. The plaintiff's wife died on January 7, 1912. The question is whether plaintiff had failed to pay for two consecutive months. The 7th of January, 1912, is more than two months from the 5th of November, 1911; but the financial month of the society is an arbitrary period of time from one regular meeting to the next. The meetings are to be held on a Sunday, and consequently, as the Sundays in consecutive months never fall upon the same day of the month, it is impossible to say whether two of such financial months elapsed between the 5th of November, 1911, and the 7th of January, 1912, without knowing upon what Sundays in December and January the meetings were to be held.

The by-law was satisfied if the meeting was held on any Sunday in January, even on one falling after the 7th. All the by-laws provide is that the regular meetings shall be on a Sunday in the month. As the monthly dues are regular, if made (sic) on the day fixed for the regular meeting, and as all the by-laws require is that the regular meetings shall be had on a Sunday, and as there was no regular meeting

held in January, nor any Sunday fixed for it, we cannot say that the plaintiff failed to pay for the month of January until all the Sundays in the month were passed. Provisions for a forfeiture are strictly construed against a forfeiture, and we must conclude that the plaintiff had not forfeited his rights under the by-laws.

The defendant also claims that there were no regular members, for all members had failed to pay since November 5, 1911. There is nothing in the by-laws defining the word "regular." Even if a member fails to pay dues for two consecutive months, and so forfeits his rights under the by-laws, it does not necessarily follow that he is not a regular member for the purpose of being subject to assessment. But, if it does, the same line of reasoning which we have applied to the plaintiff's case leads to the conclusion that none of the members had failed to pay for two consecutive months.

[2, 3] The provision that all cases must first be passed on by the board cannot apply to claims against the society, for that interpretation of the by-law would make the society a judge of its own case. The provision of the by-laws that the money for the benefit "will be drawn from the mortuary assessment fund" was a method of providing the means of payment, and not a condition of liability, as in the case of Wajczeliunas v. St. Peter's Lithuanian Society, 146 App. Div. 574, 131 N. Y. Supp. 150.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.