■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ERNEST PORTER, Appellant.— Appeal by defendant from a judgment of the former County Court, Kings County, rendered March 22, 1961 after a jury trial, convicting him of extortion, and imposing sentence. Judgment affirmed. No opinion. Beldock, P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WARREN J. PRIESTER, Appellant.— In a coram nobis proceeding, defendant appeals from an order of the former County Court, Kings County, dated May 22, 1962, which denied without a hearing, his application to vacate a judgment of said court rendered March 1, 1949 after a jury trial, convicting him of assault in the first degree, assault in the second degree, and violation of section 1897 of the Penal Law as a misdemeanor, and imposing sentence. Order affirmed. No opinion. Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THEODORE KOLFF VAN OOSTERWYK, Appellant.— In a coram nobis proceeding, defendant appeals from an order of the County Court, Nassau County, entered June 20, 1962, which denied, without a hearing, his application to vacate a judgment of said court, rendered October 19, 1951, on his plea of guilty, convicting him of attempted robbery in the first degree, assault in the first degree and unlawfully carrying a concealed weapon, and imposing sentence. Order affirmed. No opinion. Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.

■ CHARLES SACHS et al., Appellants, v. AMERICAN CENTRAL INSURANCE COMPANY et al., Defendants, and MARCATO ELEVATOR COMPANY, INC., Respondent.— In an action to recover upon fire insurance policies (first cause of action) and to recover damages arising from the alleged breach of an elevator maintenance contract by defendant Marcato Elevator Company, Inc. (second cause of action), plaintiffs appeal from so much of a judgment of the Supreme Court, Kings County, entered May 10, 1962 upon the opinion and decision of the court (33 Misc 2d 816) after a nonjury trial, as dismissed their complaint against said defendant. Judgment, insofar as appealed from, affirmed, with costs. No opinion. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.

■ FRANK SADOWSKI et al., Respondents, v. DUTCHESS MANUFACTURING Co., INC., Appellant.— In a negligence action to recover damages for personal injury sustained by the female plaintiff, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County, dated July 14, 1961, and thereafter entered in Dutchess County, as conditionally granted its motion to dismiss the action by reason of plaintiffs' failure to serve a complaint and to diligently prosecute the action; the condition being the plaintiffs' failure to serve a complaint, to complete pretrial proceedings and to notice the case for trial within 60 days. The appeal relates only to the imposition of such conditions; defendant contends that its motion to dismiss should have been granted unconditionally. Order, insofar as appealed from, affirmed, with $10 costs and disbursements. No opinion. Beldock, P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur.

■ MILTON SCHEINBLUM, Also Known as MICKEY SHEEN, Appellant, v. LONG ISLAND DAILY PRESS PUBLISHING COMPANY, INCORPORATED, Respondent.— In an action to recover damages for libel, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered June 5, 1962 upon the oral decision of the court made during a jury trial, dismissing the complaint as a matter of law for failure to state a cause of action. Judgment affirmed, without costs. No opinion. Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.