COMMERCIAL UNION INSURANCE COMPANY, Plaintiff,

v.

ALBERT PIPE & SUPPLY CO., INC., Defendant.

No. 79 Civ. 2505 (IBC).

United States District Court, S. D. New York.

Jan. 31, 1980.

---

13. *See* n.9, *supra*.

Williamson & Williamson, P. C., New York City, for plaintiff; Kenneth Williamson, David S. Ratner, New York City, of counsel.

Benjamin M. Haber, New York City, for defendant.

## OPINION

IRVING BEN COOPER, District Judge.

In this declaratory judgment action we are asked to determine whether Commercial Union Insurance Company ("CUIC"), an insurance company, is obligated to defend and/or indemnify its insured, Albert Pipe & Supply Co., Inc. ("Albert") under the terms of its policy CY 62285-36 ("the Policy") in an action collateral to one in which Albert is a third-party defendant.

The factual and procedural history of this action is detailed in our opinion and order of June 12, 1979 ("June 12th Order") reported at 82 F.R.D. 702 (S.D.N.Y.1979). For the purpose of clarity, the action captioned *Westhemeco Ltd.* ("Westhemeco") *v. New Hampshire Insurance Company* ("N.H.") and *Florida East Coast Railway Company* ("Fla. Rwy.") is denominated the "main action"; the action captioned *N. H. and Fla. Rwy. v. Albert, Standard Pipe Protection Division-General Steel Industries* ("Standard"), *Tubeco, Inc., and Crippen Pipe Fabrication Co.*, is called the "third-party action." Under the terms of the June 12th Order, the third-party action was stayed pending the resolution of the within declaratory judgment action instituted by CUIC against Albert; the main action was unaffected.

In the declaratory judgment action, Albert moves for an order: (1) compelling CUIC to defend Albert under the Policy in the third-party action and to pay any judgment which may be rendered against Albert therein and (2) directing CUIC to reimburse Albert for disbursements, expenses and legal fees thus far incurred in connection with its defense of the third-party action. CUIC cross-moves for (1) an order dismissing Albert's answer in the declaratory judgment action and (2) summary judgment on the ground that CUIC is not obligated to either defend or indemnify Albert in the third-party action. Papers submitted by Albert and CUIC in connection with the motion and cross-motion were served on all parties to the main and third-party actions; no other party has responded.

We hold that CUIC is obligated to defend Albert in the third-party action and reimburse Albert for its expenses, disbursements and legal fees thus far incurred in the third-party action. We further direct that the stay imposed in the June 12th Order be vacated.

### CUIC's duty to defend Albert

■ At the outset, it is important to note that the obligation of an insurance company to defend its insured is broader than its duty to pay in the event that the insured is found liable. *Prashker v. United States Guar. Co.*, 1 N.Y.2d 584, 154 N.Y.S.2d 910, 136 N.E.2d 871 (1956); *Goldberg v. Lumber Mut. Cas. Ins. Co.*, 297 N.Y. 148, 154, 77 N.E.2d 131 (1948). The duty to defend is predicated on the insurer's contractual obligation to its insured whereas the duty to indemnify depends on the applicable law of negligence. *American Home Assur. Co. v. Port Authority of New York*, 66 A.D.2d 269, 412 N.Y.S.2d 605 (1st Dept. 1979).

■ In deciding a declaratory judgment action involving coverage of an insurance policy, a court is required to examine both the policy and the pleadings of the underlying action. *See American Home Assur. Co. v. Diamond Tours and Travel Inc.*, N.Y.L.J. Aug. 28, 1979, p. 6 col. 1 (Sup.Ct.N.Y.Co.1979). The insured has the burden of proving that the claim asserted against it comes within the coverage of the policy while the insurer has the burden of proving that the facts fall within the policy's exclusionary clauses. *Prashker v. United States Guar. Co.*, 1 N.Y.2d at 592, 154 N.Y.S.2d at 916, 136 N.E.2d 871; *Sachs v. American Central Ins. Co.*, 33 Misc.2d 816, 820–22, 227 N.Y.S.2d 873, 878–79 (1962), *aff'd*, 18 A.D.2d 841, 238 N.Y.S.2d 508 (2d Dept. 1963). As stated in *Prashker, supra*:

> The rule that an insurance company has the burden of proving such facts as will come within exclusionary clauses in an insurance policy. [sic] *Wagman v. American Fidelity & Cas. Co.*, 304 N.Y. 490, 109 N.E.2d 592, does not require, however, that liability of the insurance company to pay whatever recoveries may be obtained, shall be adjudicated before the event discloses and establishes on what basis such recoveries are obtained.

1 N.Y.2d at 592, 154 N.Y.S.2d at 916, 136 N.E.2d at 875. Thus, the question now before us is whether third-party plaintiffs allege facts which potentially may bring their claims against Albert within the coverage of the Policy. If so, CUIC is required to defend Albert irrespective of Albert's ultimate liability. *See also Goldberg v. Lumber Mut. Cas. Ins. Co., supra.*

Policy CY 62285–36 is a comprehensive general liability insurance policy. Coverage is provided on behalf of Albert, up to the amount of the policy, to third persons "to whom Albert will become legally liable as a result of property damage or bodily injury caused by an occurrence for which it is claimed Albert is responsible." Verified Complaint, ¶ 6.

Thus, Albert is covered for "occurrences." An "occurrence" is defined by the Policy as "an accident, including continuous or repeated exposure to conditions, which results in *bodily injury* or *property damage* neither expected nor intended from the standpoint of the *insured.*"

The policy obligates CUIC to defend Albert in any action, "even if any of the allegations of the suit are groundless, false or fraudulent." CUIC relies upon the following three exclusions in its disclaimer of its obligation to defend and indemnify Albert:

> This insurance does not apply:
>
> (a) to liability assumed by the *insured* under any contract or agreement except an *incidental contract*; but this exclusion does not apply to a warranty of fitness or quality of the *named insured's products* or a warranty that work performed by or on behalf of the *named insured* will be done in a workmanlike manner;
>
> . . . . .
>
> (n) to *property damage* to the *named insured's products* arising out of such products or any part of such products:
>
> (o) to *property damage* to work performed by or on behalf of the *named insured* arising out of the work or any

portion thereof or out of materials, parts or equipment furnished in connection therewith.

"Named insured's products" is defined, in pertinent part, as: "goods or products manufactured, sold, handled or distributed by the *named insured*. . . ."

We turn now to the pleadings. In the main action, plaintiff Westhemeco claims that certain goods shipped from New York to the Bahamas were damaged in transit. Westhemeco alleges three causes of action: (1) that N.H. breached its insurance contract with Westhemeco by failing to pay plaintiff's claims; (2) that the goods were delivered by Westhemeco to Fla. Rwy., pursuant to a contract of carriage for shipment from New York to Florida, and damaged while in Fla. Rwy's custody and control through Fla. Rwy's negligence; and (3) that Fla. Rwy. failed to use reasonable care in protecting Westhemeco's goods and thereby breached its contract of carriage.

N.H. and Fla. Rwy. incorporate the complaint in the main action in their Third-Party Complaint. ¶ 10. Their complaint also states, in pertinent part:

7. That [all four] third party defendants contracted with plaintiff or its designated representatives, to supply plaintiff with coated and uncoated pipes and fabrications pursuant to certain specifications as set forth by the American Water Works Association, and to arrange for the proper loading and shipping of coated and uncoated pipes and fabrications to West Palm Beach.

8. That upon information and belief, third party defendants breached their contracts with the plaintiff by failing to observe and perform their obligations pursuant to the specifications set forth by the American Water Works Association.

9. That as a result of the breach of their contractual obligation, the coated pipe and fabrications allegedly were damaged.

. . . . . .

13. If liability for damages should be adjudged in favor of plaintiff and against defendant and third party plaintiffs, the third party plaintiffs are entitled to indemnity in full, and/or contribution where applicable, including reasonable counsel fees, disbursements and expenses from third party defendants by reason of their breach of their obligations, warranties and representatives [sic] and/or the fault or negligence of third party defendants, and all such liabilities and legal fees and expenses should be borne by the third party defendant.

CUIC argues that the third-party complaint does not allege a cause of action which invokes the coverage of the Policy because the claim that Albert breached its contract with Westhemeco by delivery of non-conforming goods is not an "occurrence" under the Policy. Affidavit of Kenneth Williamson, Esq., of Aug. 7, 1979 ("Williamson Affidavit"), ¶¶ 14–17. This is because the negligence allegation in paragraph 13 of the Third-Party Complaint "must be read in conjunction with the essential claim of breach of contract" in paragraphs 7, 8 and 9. *Id.* ¶ 22. Furthermore, the Policy excludes coverage of Albert's products if the damage either arose from such products (exclusion (n)) or resulted from work performed by the insured (exclusion (o)). Therefore, CUIC contends, Albert's production or distribution of pipe under its contract with Westhemeco would be embraced in the language of the exclusions under the definition of "named insured's products."

Albert claims that the complaint in the main action must be considered along with the third-party complaint and that the fundamental issues in the main action are whether the pipe was damaged and, if so, which, if any, of the parties are liable. Under Albert's view of the case, Westhemeco is claiming that the pipe was damaged en route to the Bahamas. The third-party complaint alleges that the pipe was damaged prior to its being shipped to Florida or in the course of loading it on the railroad cars. The affidavit of Benjamin M. Haber, Esq., verified July 10, 1979 ("Haber Affidavit"), explains that Albert contracted with Westhemeco to sell coated steel pipe to Westhemeco, but since Albert does not coat pipe it, in turn, entered into an agreement with Standard to coat the pipe. After do-

ing so and, pursuant to the terms of its contract with Albert, Standard loaded it on railroad cars bound for Florida. Haber Affidavit, ¶ 2. Albert argues that if Standard was negligent in loading the pipe, and if this was a factor in the damage the pipe allegedly sustained in transit, then, if either N.H. or Fla. Rwy., or both, are ultimately liable to Westhemeco, they would have a claim over against Albert. This claim would be an "occurrence" covered under the Policy, since the negligent loading by Standard was neither expected nor intended by the insured. Albert further notes that under the doctrine of *Dole v. Dow Chemical Co.,* 30 N.Y.2d 143, 331 N.Y.S.2d 382, 282 N.E.2d 288 (1972), Fla. Rwy. would have to base its claim over on a negligence theory in an action for contribution among joint tortfeasors. This, Albert states, is the basis for the negligence allegation in paragraph 13 of the third-party complaint.

 Although CUIC is correct in pointing out that an attorney's affidavit not based on personal knowledge has no probative value in a summary judgment motion, Fed.R.Civ.P. 56(e); *Grissman v. Union Carbide Corp.,* 279 F.Supp. 413 (S.D.N.Y.1968), we find that Albert's legal argument has merit. Third-party plaintiffs raise a claim against Albert which is potentially covered by the Policy. Should Westhemeco prevail against N.H. or Fla. Rwy., or both, N.H. and Fla. Rwy. would have a claim over sounding in negligence.[1] In fact, CUIC concedes this point in the Reply Affidavit of Kenneth Williamson, Esq., verified Sept. 14, 1979:

> 26. Mr. Haber also maintains that since the claim against Albert is for apportionment and since the claim against Florida East Coast Railway is for negligence, by implication the claim being made against Albert is for negligence since the only way Florida can prove a claim over against Albert is to show that Albert was somehow negligent.
>
> 27. If the third-party complaint was so worded Haber's argument would be valid.

As noted in *American Home Assur. Co. v. Port Authority of New York* :

> Even where the complaint does not state facts with sufficient definiteness to clearly bring the case within or without the coverage of the policy, it has been held that if there is potentially a case within the coverage of the policy the insurer is obliged to defend.

66 A.D.2d at 278, 412 N.Y.S.2d at 610 (quoting *Lapierre, Litchfield & Partners v. Continental Cas. Co.,* 59 Misc.2d 20, 23, 297 N.Y.S.2d 976, 980 (1969), *modified on other grounds,* 32 A.D.2d 353, 302 N.Y.S.2d 370 (1st Dept. 1969).

Accordingly, we hold that CUIC is obliged to defend Albert in the third-party action and to reimburse Albert for expenses, disbursements and legal fees incurred in its defense thus far.

### The indemnity issue

 At this point in the litigation it would be premature to decide whether CUIC will have to indemnify Albert should a judgment be entered against Albert in the third-party action. CUIC argues that exclusions (a), (n) and (o) will bar indemnification, but, as Albert correctly points out, CUIC's complaint and motion papers only recite the beginning portion of exclusion (a): "to liability assumed by the insured under any contract or agreement except an incidental contract. . . ." They neglect to include the remainder of the clause which states that this exclusion does not apply to various contractual warranties. This language is clearly relevant to the indemnity issue since Albert admits in paragraph 4 of its answer to the Third-Party Complaint, filed May 14, 1979, that it agreed to sell pipe to Westhemeco. The terms of the contract and Albert's performance thereunder are among the many issues of fact yet to be resolved. These unresolved issues render the granting of summary judgment for either party inappropriate at this time.

---

1. N.H.'s claim over would be based on its subrogation rights as Westhemeco's insurer and would be for indemnity. Under paragraph 13 of the Third-Party Complaint, it could sound in either contract or tort law.

Accordingly, we deny, without prejudice, both Albert's motion for an order directing CUIC to indemnify it should a judgment be entered against it in the third-party action and CUIC's cross-motion for summary judgment and for an order dismissing Albert's answer in the declaratory judgment action.

### Conclusion

We direct CUIC to defend Albert in the third-party action, and we vacate the stay imposed in the June 12th Order.

Albert's motion is granted in part and denied in part without prejudice.

CUIC's cross-motion is denied without prejudice to renewal of the cross-motion for summary judgment on the indemnification issue and dismissal of Albert's answer in the declaratory judgment action should Albert ultimately be found liable in the third-party action.

Settle order on notice to all parties in the main, third-party and declaratory judgment actions.