**WEIL CERAMICS & GLASS, INC., a New York corporation, Plaintiff,**

v.

**Edward WORK, an Individual; Dolores Work, an Individual; Karen-Leslie Co., a Partnership and Karen-Leslie Co., Inc., a New York corporation, Defendants.**

**KAREN–LESLIE CO., INC., a New York corporation, Counterplaintiff,**

v.

**DISENOS ARTISTICOS E INDUSTRIALES, S.A., a Spanish corporation; Weil Ceramics and Glass, Inc., a New York corporation and Lladro, S.A., a Spanish corporation, Counterdefendants.**

Nos. 83 CV 4149, 84 CV 1964.

United States District Court, E.D. New York.

Feb. 19, 1986.

David Brown, Garden City, N.Y., Frederick G. Michaud, Jr., Eric H. Weisblatt, Burns, Doane, Swecker & Mathis, Alexandria, Va., for defendant Edward Work, et al. and for counterclaim plaintiff Karen-Leslie Co., Inc.

Anthony F. LoCicero, Amster, Rothstein & Engelberg, New York City, Bernard R. Gans, Poms, Smith, Lande & Rose, Los Angeles, Cal., for plaintiff Weil Ceramics and for counterclaim defendants Disenos Artisticos E Industriales, S.A.

SHIRA A. SCHEINDLIN, United States Magistrate.

## I. FACTUAL BACKGROUND

Lladro S.A. is a Spanish corporation, which manufactures porcelain products, including porcelain figurines. The figurines are manufactured in accordance with designs prepared by Disenos Artisticos E Industriales S.A. ("DAISA"), another Spanish corporation. DAISA owns copyrights, both U.S. and foreign, on many of the Lladro figurines. Weil Ceramic & Glass, Inc. ("Weil"), a New Jersey corporation, imports and distributes these figurines in the United States and allegedly owns the United States trademark rights and the registration for the Lladro trademark. These three corporations are related. Each is wholly owned by Sodigei, S.A., a Spanish corporation, which, in turn, is owned by the Lladro brothers. Karen-Leslie Co., Inc., ("Karen-Leslie") a New York corporation, is engaged in the acquisition and resale of hard goods, including Lladro porcelain figurines. Defendants Edward and Dolores Work are officers of Karen-Leslie.

On September 19, 1983, DAISA filed suit against Karen-Leslie, and Edward and Dolores Work, charging copyright infringement. On May 3, 1984, Weil also filed suit against the same defendants claiming trademark violations. Plaintiffs allege that defendants have violated plaintiffs' copyrights to Lladro figurines by importing these figurines into the United States from abroad for the purpose of resale, without the authority of the copyright owner. Plaintiffs similarly allege that their trademark rights are infringed by the importation of the Lladro figurines without the authority of the owner of the United States

trademark. *See* Plaintiff's Opposition to Defendants' Motion for Summary Judgment at 1–2. In both cases, which have now been consolidated, defendants have denied the infringement charges and have asserted a counterclaim accusing plaintiffs of violating the antitrust laws by unlawfully restricting the trade in Lladro figurines.

Four dispositive motions have already been made in this extended and taxing litigation. Plaintiffs moved under Fed.R. Civ.P. 12(b)(6) and 56 to dismiss the antitrust counterclaim. Both motions were denied. Plaintiffs then unsuccessfully moved for summary judgment on their trademark infringement claims. Finally, defendants have moved for summary judgment on both the copyright and trademark infringement claims. The last two motions for summary judgment are awaiting decision.

A great deal of discovery has taken place by all parties during the pendency of these lawsuits. In the course of producing documents, plaintiffs DAISA and Weil have refused to produce a number of documents asserting either the attorney-client privilege and/or the attorney work product doctrine. At defendants' request, this court conducted *in camera* review of close to 200 documents as to which plaintiffs claim a privilege.

I have adopted the same document classification system employed by defendants, in its letter listing the documents produced, but have numbered the documents within each category.

### I. *Communications between Attorney and Clients*

According to plaintiffs, documents in this category include "communications directly between plaintiffs, corporate clients, and their attorneys acting in their professional capacity and concern the seeking or provision of legal advice ..."

### II. *Communications Protected by Work-Product Privilege*

As to this category of documents, plaintiffs argue that "defendant has not made any showing of substantial need and undue prejudice to justify their production...."

### III. *Privileged Communications of Questioned or Tangential Relevance*

Plaintiffs question the relevance of these documents but do not assert that they are privileged. Rather they appear concerned that production of these documents might result in an inadvertent waiver of the privilege to other documents.

## II. DISCUSSION

### A. *Commonality of Interest Among Plaintiffs and Counterclaim Defendants*

One issue must be addressed at the outset. Many of the documents reveal correspondence between Lladro and DAISA or DAISA and Weil. Often counsel for one corporation wrote to counsel for another. In order for these communications to be privileged, there must be a "community of interest" between the parties asserting the privilege. A community of interest exists where persons or corporations have an identical legal interest with respect to the subject matter of a communication between an attorney and a client. *Duplan Corporation v. Deering Milliken, Inc.*, 397 F.Supp. 1146, 1172 (D.S.C.1975).

In *Duplan*, the court gave extensive treatment to the issue of waiver of both the attorney-client and work-product privileges in the context of sharing materials covered by these privileges among a number of separate corporations, both parties and non-parties. The situation with regard to work product material appears to be well-settled. "The sharing of information between counsel for parties having common interests does not destroy the work product privilege, during the course of the litigation." *Id.* at 1172 (citing *Transmirra Products Corp. v. Monsanto Chemical Co.*, 26 F.R.D. 572, 578 (S.D.N.Y.1960).

The attorney-client privilege is a narrower privilege precisely because its protection is absolute. Any breach of confidentiality between attorney and client, with limited exceptions, constitutes a waiver. One recognized exception to this rule is the "com-

mon-defense rule" which allows counsel for co-defendants to share privileged information without fear of waiver. *See United States v. McPartlin,* 595 F.2d 1321, 1336 (7th Cir.) *cert. denied,* 444 U.S. 833, 100 S.Ct. 65, 62 L.Ed.2d 43 (1979) (cases cited therein). Another exception is the "community of interest" rule which might extend to non-parties. This latter rule is limited to those situations involving either the legal duty to defend another entity or the common interest arising from a client transaction between two separate entities which are represented by the same attorney. Thus, in *Duplan,* one corporation which was not a party was covered by the community of interest rule because it was required to act as legal patent advisors to two of the parties. *Id.* at 1175. Thus, communications to or from that corporation were privileged.

Another non-party, in *Duplan,* the exclusive U.S. licensee under the patents in suit was not found to be party to the "community of interest". Although one of the parties did have a duty to defend this corporation, the duty was not exercised because the corporation was not sued. Thus, communications of privileged material to that corporation constituted a waiver.

Here, communications between Lladro, DAISA and Weil are privileged both as a legal matter and a formal matter. All three of these corporations are named as co-defendants and co-conspirators in an antitrust counterclaim asserted against them by Karen-Leslie. Thus the "common-defense" rule allows a free exchange of privileged matter between these parties. Secondly, the "community of interest" rule also applies. Although Lladro is not a party-plaintiff in these consolidated actions, it is joined with DAISA and Weil, as a counterclaim-defendant in both actions. Thus, all share an *identical* legal interest in the outcome of the action.

Finally, as a factual matter, the three corporations among whom documents were freely exchanged, are related companies, sharing a single grandparent, SODIGEI, S.A. In *United States v. American Telephone and Telegraph Co.,* 86 F.R.D. 603, 616 (D.D.C.1979), the court directed that the attorney-client protection provided for corporate clients includes, the corporation who retained an attorney, its parent, and its wholly-owned and majority-owned subsidiaries considered collectively. See also *United States v. United Shoe Machinery Corp.,* 89 F.Supp. 357, 359 (D.Mass. 1950). Following these authorities, this court concludes that the attorney-client privilege protects disclosures between these corporations and their attorneys.

### B. *Attorney-Client Privilege*

#### 1. *In General*

The attorney-client privilege promotes complete disclosure between attorney and client and protects confidential communications between them. 8 Wigmore *Evidence* § 2291 (McNaughton Rev.1961); *see also Burlington Industries v. Exxon Corporation,* 65 F.R.D. 26, 32 (D.Md.1974). To establish a claim of attorney-client privilege, the following conditions must be met:

(1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*United Shoe Machinery Corp.,* 89 F.Supp. at 358–359.

The privilege "will not conceal everything said and done in connection with an attorney's legal representation of a client in a matter." *Matter of Fischel,* 557 F.2d 209, 212 (9th Cir.1977). The privilege also does not allow business affairs to be conducted in secret. *Id.* at 211. Rather, the

attorney-client privilege is narrowly construed as an exception to the basic discovery rule which favors disclosure. The court must, on a case-by-case basis, weigh the general purpose of the privilege—to protect the confidentiality of the attorney-client relationship—against the truth-seeking role of discovery.

Discovery's truth-seeking function has its roots in the fundamental principle "that the public has a claim to every man's evidence." 8 Wigmore, *Evidence* § 2192 at 71 (McNaughton Rev.1961). Congress intended that discovery in federal courts be broad and liberal to adequately inform litigants before trial. *See Schlagenhauf v. Holder*, 379 U.S. 104, 114–115, 85 S.Ct. 234, 240–241, 13 L.Ed.2d 152 (1964). Discovery's truth-seeking functions are rarely outweighed by considerations of confidentiality or privacy. Thus, in an *in camera* review of documents, the party asserting the privilege bears the burden of proof. *Duplan*, 397 F.Supp. at 1161.

### 2. *Patent Cases*

Courts formerly did not apply the attorney-client privilege to patent cases because they viewed a lawyer's role in patent matters as solely of a business or technical nature. *See Zenith Radio Corp. v. Radio Corp. of America*, 121 F.Supp. 792, 793–794 (D.Del 1954). However, in *Sperry v. State of Florida*, 373 U.S. 379, 383, 83 S.Ct. 1322, 1324, 10 L.Ed.2d 428 (1963), the Supreme Court held that preparing and prosecuting patent applications involves the practice of law. Thus, cases following *Sperry* have held that communications between an attorney and client in patent cases may be protected. *See, e.g., Status Time Corporation v. Sharp Electronics Corp.*, 95 F.R.D. 27, 30 (S.D.N.Y.1982); *Hercules Inc. v. Exxon Corp.*, 434 F.Supp. 136, 147 (D.Del.1977); *Garrison v. General Motors Corp.*, 213 F.Supp. 515, 519 (S.D. Cal.1963).

Courts have remained firm, however, in denying privileged status to documents that contain essentially technical or business data and are not primarily legal in nature. The party claiming the privilege must clearly show that a document renders legal advice and does not, for example, merely contain facts later disclosed in a patent or trademark application. *Burlington Industries v. Exxon Corp.*, 65 F.R.D. 26, 39 (D.Md.1974); *see also Hercules*, 434 F.Supp. at 147; *SCM Corp. v. Xerox Corp.*, 70 F.R.D. 508, 515 (D.Conn.1976) ("legal departments are not citadels in which public, business or technical information may be placed to defeat discovery and thereby ensure confidentiality."); *Jack Winter, Inc. v. Koratron Co., Inc.*, 54 F.R.D. 44, 47 (N.D.Cal.1971); *cf. Colton v. United States*, 306 F.2d 633, 638 (2d Cir.1962), *cert. denied*, 371 U.S. 951, 83 S.Ct. 505, 9 L.Ed.2d 499 (1963). Therefore, communications to an attorney who is merely a conduit for information that eventually finds its way to the Patent Office or to a third party, are not privileged because they lack confidentiality. *Duplan*, 397 F.Supp. at 1168; *Hercules*, 434 F.Supp. at 143, 148; *see also Jack Winter, Inc.*, 54 F.R.D. at 47.

### C. *Work Product Privilege*

Plaintiffs claim that many of the withheld documents fall within the qualified privilege accorded to an attorney's work product. Developed in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947) and codified in Fed.R.Civ.P. 26(b)(3), the work product doctrine protects an attorney's private files from disclosure to opposing counsel absent a showing of necessity or justification for disclosure by the party seeking the documents. *See In Re Grand Jury Subpoena*, 599 F.2d 504, 512 (2d Cir.1979).

> ... a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and *prepared in anticipation of litigation* or for trial by or for another party or by or for that other party's representative ... only upon a showing that the party seeking discovery has substantial need of the materials....

Fed.R.Civ.P. 26(b)(3), (emphasis added).

The protection offered by Rule 26(b)(3) is limited. Work product immunity does not

shield all materials prepared by a lawyer. It applies only to documents such as memoranda, preliminary drafts of documents, recorded mental impressions, opinions, or conclusions of an attorney that were prepared with an eye towards litigation. It does not apply to "[m]aterials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation ..." or for other nonlitigation purposes. *United States v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir.1982), *cert. denied*, 466 U.S. 944, 104 S.Ct. 1927, 80 L.Ed.2d 473 (1984) (citing Advisory Committee's notes to Rule 26(b)(3)). Furthermore, the prospect of litigation may not be so remote as to be a "mere possibility." *See Burlington*, 65 F.R.D. at 43; *Garfinkle v. Arcata National Corporation*, 64 F.R.D. 688, 690 (S.D.N.Y.1974).

To determine when the shift from ordinary business to anticipation of litigation has occurred, the court must look at the facts of each case and determine whether the attorney reasonably concluded, at the time the documents was prepared, that a substantial probability of litigation existed. *See Westhemeco Ltd. v. New Hampshire Insurance Co.*, 82 F.R.D. 702, 708 (S.D.N.Y.1979) *modified on other grounds sub nom*, 484 F.Supp. 1153 (1980); *Stix Products Inc. v. United Merchants and Manufacturers, Inc.*, 47 F.R.D. 334, 337 (S.D.N.Y.1969) ("If the prospect of litigation is identifiable because of specific claims that have already arisen, the fact that, at the time the document is prepared, litigation is still a contingency has not been held to render the privilege inapplicable.").

■ Application of the work product doctrine to patent cases had been challenged on the grounds that much of the information used by patent attorneys is public, and that the patent attorney's role is mainly in the business and technical, not the legal, sphere. *See Burlington*, 65 F.R.D. at 35.

Most recent cases concerning patents and trademarks, however, have held that documents containing an attorney's comments on technical information, legal advice, or preparation in anticipation of administrative proceedings, may be privileged under the work product doctrine. *See e.g., Natta v. Zletz*, 418 F.2d 633, 636–637 (7th Cir. 1969); *Natta v. Hogan*, 392 F.2d 686, 691 (10th Cir.1968); *In re Natta*, 410 F.2d 187, 192 (3d Cir.), *cert. denied sub nom*, 396 U.S. 836, 90 S.Ct. 95, 24 L.Ed.2d 87 (1969). Judge Layton, in *In re Natta*, 48 F.R.D. 319 (D.Del.1969), held that "documentary material relating both to *ex parte* applications for a patent, as well as patent interference proceedings, were subject to a claim of privilege." *Id.* at 321. Thus, the work product privilege does apply to *ex parte* patent prosecutions, but only as to those documents which exhibit an attorney's concern with possible *future* litigation. *See Hercules*, 434 F.Supp. at 151–152.

## III. RULINGS

Listed below are rulings as to each document reviewed *in camera*. Documents classified as "not privileged" failed to meet the requirements of privilege for one of the following reasons.

(1) document is not an attorney-client communication.

(2) document is primarily concerned with technical or business information.

(3) document did not seek or give legal advice.

(4) document was not prepared in anticipation of litigation.

The plaintiff and counterclaim-defendants are required to produce the documents designated as Not Privileged (unless found to be irrelevant) within ten (10) days of such time as this order becomes final.

SO ORDERED.

GROUP A: Communications Between Attorney and Client

| NUMBER | RULING | REASON |
| --- | --- | --- |
| Doc. 1 | PRIVILEGED | seeks legal assistance |
| Doc. 2 | PRIVILEGED | gives legal advice |
| Doc. 3 | PRIVILEGED | gives legal advice |

| NUMBER | RULING | REASON |
|---|---|---|
| Doc. 4 | NOT PRIVILEGED | not attorney-client communication |
| Doc. 5 | | Spanish |
| Doc. 6 | NOT PRIVILEGED | not attorney-client communication |
| Doc. 7 | NOT PRIVILEGED | not attorney-client communication |
| Doc. 8=16 | PRIVILEGED | gives legal advice |
| Doc. 9=17 | PRIVILEGED | gives legal advice |
| Doc. 10 | NOT PRIVILEGED | not attorney-client communication |
| Doc. 11 | NOT PRIVILEGED | " |
| Doc. 12 | NOT PRIVILEGED | " |
| Doc. 13 | PRIVILEGED | gives legal advice |
| Doc. 14 | NOT PRIVILEGED | not attorney-client communication (pictures) |
| Doc. 15 | NOT PRIVILEGED | not attorney-client communication (catalog) |
| Doc. 16=8 | | |
| Doc. 17=9 | | |
| Doc. 18 | PRIVILEGED | seeks legal advice |
| Doc. 19 | PRIVILEGED | providing facts to attorney in order to seek legal advice |
| Doc. 20 | PRIVILEGED | providing facts to attorney in order to seek legal advice |
| Doc. 21 | PRIVILEGED | providing facts to attorney in order to seek legal advice |
| Doc. 22 | NOT PRIVILEGED | business advice not legal advice |
| Doc. 23 | PRIVILEGED | gives and seeks legal advice and facts |
| Doc. 24 | PRIVILEGED | providing facts to attorney in order to seek legal advice |
| Doc. 25 | NOT PRIVILEGED | transmittal letter |
| Doc. 26 | PRIVILEGED | providing facts to attorney in order to seek legal advice |
| Doc. 27 | NOT PRIVILEGED | transmittal letter |
| Doc. 28 | PRIVILEGED | providing facts to attorney in order to seek legal advice |
| Doc. 29 | NOT PRIVILEGED | not privileged communication |
| Doc. 30 | PRIVILEGED | providing facts to attorney in order to seek legal advice, seeks legal advice |
| Doc. 31 | NOT PRIVILEGED | transmittal letter |
| Doc. 32 | PRIVILEGED | attorney-client communication |
| Doc. 33 | PRIVILEGED | seeks legal advice and transmits facts |
| Doc. 34 | PRIVILEGED | seeks legal advice |
| Doc. 35 | PRIVILEGED | seeks legal advice and transmits facts |
| Doc. 36 | PRIVILEGED | " |
| Doc. 37 | PRIVILEGED | " |
| Doc. 38 | PRIVILEGED | " |
| Doc. 39 | PRIVILEGED | " |
| Doc. 40 | PRIVILEGED | " |
| Doc. 41 | PRIVILEGED | seeks legal advice |
| Doc. 42 | PRIVILEGED | providing facts to attorney in order to seek legal advice |
| Doc. 43 | PRIVILEGED | " |
| Doc. 44 | PRIVILEGED | seeks legal advice |
| Doc. 45 | PRIVILEGED | gives legal advice |
| Doc. 46 | PRIVILEGED | providing facts to attorney in order to seek legal advice |
| Doc. 47 | PRIVILEGED | seeks legal advice |
| Doc. 48 | PRIVILEGED | gives legal advice |
| Doc. 49 | PRIVILEGED | seeks legal advice |
| Doc. 50 | PRIVILEGED | providing facts to attorney in order to seek legal advice |

| NUMBER | RULING | REASON |
|---|---|---|
| Doc. 51 | PRIVILEGED | gives legal advice |
| Doc. 52 | PRIVILEGED | providing facts to attorney in order to seek legal advice |
| Doc. 53 | NOT PRIVILEGED | transmittal letter |
| Doc. 54 | PRIVILEGED | seeks legal advice |
| Doc. 55 | PRIVILEGED | providing facts to attorney in order to seek legal advice |
| Doc. 56 | PRIVILEGED | seeks legal advice |
| Doc. 57 | PRIVILEGED | " |
| Doc. 58 | PRIVILEGED | " |
| Doc. 59 | PRIVILEGED | providing facts to attorney in order to seek legal advice |
| Doc. 60 | NOT PRIVILEGED | content |
| Doc. 61 | NOT PRIVILEGED | " |
| Doc. 62 | NOT PRIVILEGED | " |
| Doc. 63 | NOT PRIVILEGED | " |
| Doc. 64 | NOT PRIVILEGED | " |
| Doc. 65 | NOT PRIVILEGED | " |
| Doc. 66 | PRIVILEGED | providing facts to attorney in order to seek legal advice |
| Doc. 67 | PRIVILEGED | gives legal advice |
| Doc. 68 | PRIVILEGED | gives legal advice |
| Doc. 69 | PRIVILEGED | providing facts to attorney in order to seek legal advice |
| Doc. 70 | PRIVILEGED | providing facts to attorney in order to seek legal advice |
| Doc. 71 | NOT PRIVILEGED | content |
| Doc. 72 | PRIVILEGED | gives legal advice |
| Doc. 73 | PRIVILEGED | gives legal advice |
| Doc. 74 | PRIVILEGED | providing facts to attorney in order to seek legal advice |
| Doc. 75 | PRIVILEGED | providing facts to attorney in order to seek legal advice |

GROUP B: Work-Product Privilege ("WP")

| NUMBER | RULING | REASON |
|---|---|---|
| Doc. 1 | PRIVILEGED | attorney-client seeks information in order to provide legal advice |
| Doc. 2 | PRIVILEGED | attorney-client WP—seeks facts, provides facts all related to litigation |
| Doc. 3 | PRIVILEGED | WP—discuss pending case litigation strategy |
| Doc. 4 | PRIVILEGED | WP and attorney-client—litigation-strategy, give and receive legal advice |
| Doc. 5 | PRIVILEGED | attorney-client, WP |
| Doc. 6 | PRIVILEGED | WP and attorney-client—legal advice; attorney-client and strategy |
| Doc. 7 | PRIVILEGED | WP—litigation strategy |
| Doc. 8 | PRIVILEGED | attorney-client and WP |
| Doc. 9 | PRIVILEGED | attorney-client—give legal advice |
| Doc. 10 | PRIVILEGED | WP—litigation strategy |
| Doc. 11 | PRIVILEGED | WP—strategy |
| Doc. 12 | PRIVILEGED | attorney-client—gives legal advice |
| Doc. 13 | NOT PRIVILEGED | transmittal of an assignment |
| Doc. 14 | PRIVILEGED | WP—litigation strategy |
| Doc. 15 | PRIVILEGED | attorney-client—gives legal advice |
| Doc. 16 | PRIVILEGED | attorney-client gives legal advice |
| Doc. 17 | NOT PRIVILEGED | content |

| NUMBER | RULING | REASON |
|---|---|---|
| Doc. 18 | NOT PRIVILEGED | content, attorney seeks business information re: filing of copyrights |
| Doc. 19 | NOT PRIVILEGED | content, re: copyright application |
| Doc. 20 | NOT PRIVILEGED | content, re: copyright application |
| Doc. 21 | PRIVILEGED | attorney-client—legal advice given and strategy |
| Doc. 22 | NOT PRIVILEGED | transmittal |
| Doc. 23 | PRIVILEGED | attorney-client and WP—strategy |
| Doc. 24 | PRIVILEGED | attorney-client |
| Doc. 25 | PRIVILEGED | attorney-client seeks information in order to conduct litigation |
| Doc. 26 | PRIVILEGED | " |
| Doc. 27 | PRIVILEGED | WP legal strategy |
| Doc. 28 | PRIVILEGED | WP |
| Doc. 29 | NOT PRIVILEGED | content |
| Doc. 30 | NOT PRIVILEGED | content |
| Doc. 31 | NOT PRIVILEGED | not relevant |
| Doc. 32 | NOT PRIVILEGED | not relevant |
| Doc. 33 | NOT PRIVILEGED | not in preparation for litigation |
| Doc. 34 | PRIVILEGED | attorney-client and WP |
| Doc. 35 | PRIVILEGED | WP |
| Doc. 36 | NOT PRIVILEGED | not in preparation for litigation |
| Doc. 37 | NOT PRIVILEGED | not in preparation for litigation |
| Doc. 38 | NOT PRIVILEGED | not in preparation for litigation |
| Doc. 39 | PRIVILEGED | attorney-client communication |
| Doc. 40 | PRIVILEGED | " |
| Doc. 41 | PRIVILEGED | " |
| Doc. 42 | PRIVILEGED | " |
| Doc. 43 | NOT PRIVILEGED | not in preparation for litigation |
| Doc. 44 | PRIVILEGED | attorney-client giving legal advice |
| Doc. 45 | PRIVILEGED | preparation for litigation and attorney-client |
| Doc. 46 | PRIVILEGED | WP |
| Doc. 47 | PRIVILEGED | seeks legal advice |
| Doc. 48 | PRIVILEGED | WP—anticipation of litigation |
| Doc. 49 | PRIVILEGED | provides legal advice |
| Doc. 50 | PRIVILEGED | provides legal advice |
| Doc. 51 | NOT PRIVILEGED | transmittal |
| Doc. 52 | NOT PRIVILEGED | not trial preparation material |
| Doc. 53 | NOT PRIVILEGED | transmittal |
| Doc. 54 | PRIVILEGED | gives legal advice |
| Doc. 55 | PRIVILEGED | " |
| Doc. 56 | PRIVILEGED | " |
| Doc. 57 | PRIVILEGED | provides legal advice |
| Doc. 58 | PRIVILEGED | " |
| Doc. 59 | PRIVILEGED | " |
| Doc. 60 & 60A PRIVILEGED | | " |
| Doc. 61 | PRIVILEGED | " |
| Doc. 62 | PRIVILEGED | " |
| Doc. 63 | | Who is DEYGESA? |

GROUP C: Privileged Communications of Questionable or Tangential Relevance*

| NUMBER | RULING | REASON |
|---|---|---|
| Doc. 64 | NOT PRIVILEGED | not attorney-client communication |
| Doc. 65 | NOT PRIVILEGED | " |
| Doc. 66 | NOT PRIVILEGED | " |
| Doc. 67 | NOT PRIVILEGED | " |
| Doc. 68 | NOT PRIVILEGED | " |
| Doc. 69 | NOT PRIVILEGED | " |
| Doc. 70 | NOT PRIVILEGED | " |
| Doc. 71 | NOT PRIVILEGED | content |
| Doc. 72 | NOT PRIVILEGED | business information re: copyrights |
| Doc. 73 | NOT PRIVILEGED | business information, not legal advice |
| Doc. 74 | NOT PRIVILEGED | no legal advice, irrelevant |
| Doc. 75 | NOT PRIVILEGED | content irrelevant |
| Doc. 76 | NOT PRIVILEGED | does not provide legal advice |
| Doc. 77 | NOT PRIVILEGED | does not provide legal advice, irrelevant |
| Doc. 78 | NOT PRIVILEGED | does not provide legal advice, irrelevant |
| Doc. 79 | NOT PRIVILEGED | does not provide legal advice |
| Doc. 80 | NOT PRIVILEGED | does not provide legal advice, irrelevant |
| Doc. 81 | NOT PRIVILEGED | does not provide legal advice, irrelevant |
| Doc. 82 | NOT PRIVILEGED | does not provide legal advice, irrelevant |
| Doc. 83 | NOT PRIVILEGED | does not provide legal advice, irrelevant |
| Doc. 84 | NOT PRIVILEGED | does not provide legal advice, irrelevant |
| Doc. 85 | NOT PRIVILEGED | " |
| Doc. 86 | NOT PRIVILEGED | " |
| Doc. 87 | NOT PRIVILEGED | " |
| Doc. 88 | NOT PRIVILEGED | does not provide legal advice |
| Doc. 89 | NOT PRIVILEGED | does not provide legal advice, irrelevant |
| Doc. 90 | NOT PRIVILEGED | " |
| Doc. 91 | NOT PRIVILEGED | " |
| Doc. 92 | NOT PRIVILEGED | " |
| Doc. 93 | NOT PRIVILEGED | " |
| Doc. 94 | NOT PRIVILEGED | does not provide legal advice |
| Doc. 95 | NOT PRIVILEGED | " |
| Doc. 96 | NOT PRIVILEGED | " |
| Doc. 97 | | ILLEGIBLE |
| Doc. 98 | NOT PRIVILEGED | does not provide legal advice |
| Doc. 99 | NOT PRIVILEGED | " |
| Doc. 100 | NOT PRIVILEGED | " |
| Doc. 101 | NOT PRIVILEGED | " |
| Doc. 102 | NOT PRIVILEGED | " |
| Doc. 103 | NOT PRIVILEGED | " |
| Doc. 104 | NOT PRIVILEGED | " |
| Doc. 105 | NOT PRIVILEGED | " |
| Doc. 106 | NOT PRIVILEGED | " |
| Doc. 107 | NOT PRIVILEGED | " |
| Doc. 108 | NOT PRIVILEGED | " |
| Doc. 109 | NOT PRIVILEGED | " and transmittal |
| Doc. 110 | NOT PRIVILEGED | does not provide legal advice |
| Doc. 111 | NOT PRIVILEGED | " |

* The court finds all documents in this section to be relevant unless otherwise noted.

| NUMBER | RULING | REASON |
|---|---|---|
| Doc. 112 | NOT PRIVILEGED | " |
| Doc. 113 | NOT PRIVILEGED | " |
| Doc. 114 | NOT PRIVILEGED | does not provide legal advice, irrelevant |
| Doc. 115 | NOT PRIVILEGED | " |
| Doc. 116 | NOT PRIVILEGED | does not provide legal advice |
| Doc. 117. | NOT PRIVILEGED | " |
| Doc. 118 | NOT PRIVILEGED | neither gives nor seeks legal advice |
| Doc. 119 | NOT PRIVILEGED | " |
| Doc. 120 | NOT PRIVILEGED | " |
| Doc. 121 | NOT PRIVILEGED | " |
| Doc. 122 | NOT PRIVILEGED | not privileged advice and transmittal |
| Doc. 123 | PRIVILEGED | provides legal advice |
| Doc. 124 | NOT PRIVILEGED | not attorney-client communication |
| Doc. 125 | NOT PRIVILEGED | transmittal |
| Doc. 126 | NOT PRIVILEGED | transmittal |
| Doc. 127 | NOT PRIVILEGED | not attorney-client communication |
| Doc. 128 | NOT PRIVILEGED | transmittal |
| Doc. 129 | NOT PRIVILEGED | " |
| Doc. 130 | NOT PRIVILEGED | " |
| Doc. 131 | NOT PRIVILEGED | transmittal irrelevant |
| Doc. 132 | PRIVILEGED | seeks legal advice |
| Doc. 133 | NOT PRIVILEGED | not attorney-client communication |
| Doc. 134=133 | | |
| Doc. 135 | NOT PRIVILEGED | " |
| Doc. 136 | NOT PRIVILEGED | " |
| Doc. 137 | NOT PRIVILEGED | " |
| Doc. 138 | NOT PRIVILEGED | " |
| Doc. 139 | NOT PRIVILEGED | invoice, irrelevant |
| Doc. 140 | NOT PRIVILEGED | invoice, irrelevant |
| Doc. 141 | NOT PRIVILEGED | " |
| Doc. 142 | NOT PRIVILEGED | content, copyright applications, irrelevant, transmittal |
| Doc. 143 | NOT PRIVILEGED | privilege waived—cc to third party |
| Doc. 144 | NOT PRIVILEGED | not attorney-client communication |
| Doc. 145 | PRIVILEGED | seeks legal advice |
| Doc. 146 | NOT PRIVILEGED | not attorney-client communication |
| Doc. 147 | NOT PRIVILEGED | " |
| Doc. 148 | NOT PRIVILEGED | " |
| Doc. 149 | NOT PRIVILEGED | transmittal |
| Doc. 150 | NOT PRIVILEGED | business advice not legal |
| Doc. 151=147 | | |
| Doc. 152 | NOT PRIVILEGED | business advice, not legal |
| Doc. 153 | | WHO IS DEYGASA and ALBERTO RAMON? |
| Doc. 154 | PRIVILEGED | seeks legal advice |
| Doc. 155 | NOT PRIVILEGED | not attorney-client communication |
| Doc. 156 | NOT PRIVILEGED | " |
| Doc. 157 | NOT PRIVILEGED | transmittal |
| Doc. 158 | NOT PRIVILEGED | " |
| Doc. 159 | NOT PRIVILEGED | " |
| Doc. 160 | NOT PRIVILEGED | " |
| Doc. 161 | PRIVILEGED | provides information for purpose of giving legal advice |
| Doc. 162 | NOT PRIVILEGED | business advice, not legal and transmittal |
| Doc. 163 | | confidential customer list? |
| Doc. 164 | PRIVILEGED | transmit information in order to get legal advice |

| NUMBER | RULING | REASON |
|---|---|---|
| Doc. 165 | NOT PRIVILEGED | transmittal |
| Doc. 166 | NOT PRIVILEGED | not attorney-client communication |
| Doc. 167 | PRIVILEGED | provides legal advice |
| Doc. 168 | PRIVILEGED | provides legal advice |
| Doc. 169 | PRIVILEGED | provides legal advice |
| Doc. 170 | PRIVILEGED | provides legal advice |
| Doc. 171 | PRIVILEGED | transmittal, enclosure privileged provides legal advice |

GROUP D: Late Submissions, Miscellaneous

| NUMBER | RULING | REASON |
|---|---|---|
| Doc. 172(c) | NOT PRIVILEGED | not attorney-client communication |
| Doc. 173(c) | NOT PRIVILEGED | content—irrelevant |
| Doc. 174(c) | NOT PRIVILEGED | not attorney-client communication |
| Doc. 175(a) | PRIVILEGED | gives legal advice |